**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| ROGER HENDRIX,<br>Individually, and on behalf of all others similarly situated<br>PLAINTIFFS, | |
| v. | Case No. 4:26-cv-787 |
| CHAINLINK SERVICES LLC<br>f/k/a PNC MANAGEMENT HOLDINGS LLC, and<br>UNITED STATES FIRE INSURANCE COMPANY,<br>DEFENDANTS | |

# COMPLAINT

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and the Texas Finance Code § 392.001, et seq. by Defendant Chainlink Services LLC f/k/a PNC Management Holdings LLC ("Chainlink").
2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).
3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.
4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that one or more defendants transact business in this judicial district and a substantial portion of the acts giving rise to this action occurred in this District.
5. Plaintiff resides in this District.

## PARTIES

6. Plaintiff, Roger Hendrix ("Plaintiff"), is an adult individual residing in Tarrant County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).
7. Chainlink is a New York limited liability company operating from Amherst, New York.

8. Chainlink formerly was known as PNC Management Holdings LLC until it changed its name in September 2023 according to documents filed with the New York Secretary of State.

9. Chainlink can be served in the state of Texas via its registered agent, Registered Agents Inc., at 5900 Balcones Dr., Suite 100, Austin, TX 78731, or as otherwise allowed by the Federal Rules of Civil Procedure or Texas or New York law.

10. Chainlink's website (https://chainlinkservicesllc.com/our-services/) (last visited March 16, 2026) states the following:

> Located in Western New York, we are an industry-leading collection agency that services clients from across the United States….

11. The principal purpose of Chainlink is the collection of debts using the mails and telephone and other means.

12. Chainlink regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

13. Chainlink is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

14. United States Fire Insurance Company ("USFICO") is the surety company for the bond Chainlink (using the name PNC Management Holdings, LLC dba PNC Consumer Services) has on file with the Texas Secretary of State, specifically bond number 602-124196-5 and is liable for the acts committed by Chainlink pursuant to, and the extend

provided by, Chapter 392 of the Texas Finance Code and the aforementioned bond secured pursuant thereto.

15. USFICO is a foreign entity that can be served in the state of Texas via its registered agent, C T Corporation System, at 1999 Bryan Street Suite 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

16. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account"). Specifically, the account is alleged to be a debt owed or formerly owed to Personify Financial, the funds from which were used for various personal effects, but not for any business or commercial purpose whatsoever.
17. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a “consumer debt” as that term is defined by Tex. Fin. Code § 392.001(2).
18. The Account allegedly went into default with the original creditor.
19. After the Account allegedly went into default, the Account was placed with, or otherwise transferred to Chainlink for collection.
20. Plaintiff admits the existence of the Account, but disputes the amount defendants attempted to collect from him.
21. Plaintiff requests that defendants cease all further communications regarding the Account.
22. During the one year prior to the filing of this complaint, Chainlink communicated with Plaintiff’s family members in connection with its attempts to collect the Account from Plaintiff.

23. When Chainlink communicated with Plaintiff's family members, Chainlink had already established communication with Plaintiff.

24. When Chainlink communicated with Plaintiff's family members, Chainlink did not have Plaintiff's consent to speak with Plaintiff's family members. In fact, Plaintiff had specifically requested that Chainlink not speak to anyone but him about the Account.

25. The communications with Plaintiff's family members were unlawful third-party communications.

26. Plaintiff was humiliated and embarrassed that Chainlink would call his family members and fearful of what private information Chainlink would divulge to them.

27. Having already established a line of communication with Plaintiff, the only reason for Chainlink to communicate with his family was to humiliate and embarrass him and to create fear that Chainlink would divulge private and potentially embarrassing information. The ultimate goal was to coerce Plaintiff into paying Chainlink money.

28. On information and belief, Chainlink did communicate private and embarrassing information to his family members about the status of the Account in debt collection, including but not limited to the fact that Chainlink is a debt collector attempting to reach Plaintiff about an account that he allegedly did not repay.

29. Also, Chainlink called Plaintiff and threatened directly or impliedly that if Plaintiff did not repay the Account he would be sued.

30. On information and belief Chainlink has never sued anyone in the state of Texas to recover a defaulted consumer financial obligation.

31. On information and belief Chainlink did not have the present intention of suing Plaintiff at the time the threat to sue him was made.

32. The threat to sue Plaintiff was false and deceptive and misrepresented the services rendered by Chainlink in the collection process.

33. Chainlink intended for Plaintiff to suffer anxiety and fear as a result of all of the communications directed to him.

34. Chainlink failed to ever provide Plaintiff with notice of his rights to dispute the validity of the debt in question.

35. Chainlink failed to inform Plaintiff that it was a debt collector and/or that it was attempting to collect a debt and/or that any information obtained would be used for the purpose of debt collection.

36. In order to avoid the threatened perils and to stop the calls to his family members, Plaintiff agreed to a repayment plan on the Account. In total, Plaintiff has made eight payments of varying amounts totaling $795.60.

37. Chainlink charged Plaintiff $6.95 for every payment made. This charge was not credited to Plaintiff's alleged balance and was described to him as a "processing fee." Plaintiff did not authorize this charge in the original agreement with the original creditor.

38. Plaintiff paid this $6.95 "processing fee" at least seven times, totaling at least $48.65 in unauthorized charges.

39. The telephone calls each constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

40. The only reason that Chainlink and/or representative(s), employee(s) and/or agent(s) of Chainlink made telephone call(s) to Plaintiff was to attempt to collect the Account.

41. The statements and actions of Chainlink and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate

15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692e(2)&(3)&(4)&(5)&(8)&(10)&(11) and 15 U.S.C. § 1692g and 15 U.S.C. § 1692f(1).

42. All of the conduct by Chainlink and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

43. As a consequence of Chainlink's collection activities and communication(s), Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code §392.403.

## CLASS ACTION ALLEGATIONS

## CLASS ONE – FDCPA CLASS

44. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the one year prior to the filing of this complaint, were contacted by Chainlink in an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and where the consumer:

   a. Was made to pay a processing fee by Chainlink when making a payment toward the balance of the account Chainlink attempted to collect from such person and where Chainlink did not credit the amount of the processing fee toward the balance allegedly owed on the account being collected by Chainlink; and/or

   b. Chainlink communicated with third-parties without the person’s consent after establishing communication with the person.

45. Excluded from the Class are Defendants, the officers and directors of all Defendants, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest.

46. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Chainlink.

47. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Chainlink and Plaintiff has suffered substantially similar injuries as each member of the Class.

48. Plaintiff has retained counsel experienced and competent in class action litigation.

49. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

50. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Chainlink has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

a. Chainlink's violations of 15 U.S.C. § 1692 *et seq*. as alleged herein;

b. Chainlink's conduct particular to the matters at issue was identical or substantially similar; and

c. The availability of statutory penalties.

## CLASS TWO—TEXAS FINANCE CODE CLASS

51. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of a Class of individuals consisting of all persons located in the State of Texas who, within the two years prior to the filing of this complaint, were contacted by Chainlink in an attempt to collect any purported debt of the person contacted and where the debt in question was incurred primarily for personal, family or household purposes, and where the consumer was made to pay a processing fee by Chainlink when making a payment toward the balance of the account Chainlink attempted to collect from such person and where Chainlink did not credit the amount of the processing fee toward the balance allegedly owed on the account being collected by Chainlink.

52. Excluded from the Class are Defendants, the officers and directors of all Defendants, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has or had a controlling interest.

53. The Class is so numerous that joinder of all members is impracticable. The exact number of class members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The Class is ascertainable in that the names and address of all members of the Class can be identified in business records maintained by Chainlink.

54. Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff's claims and all claims of the members of the Class originate from the same conduct, practices and procedure on the part of Chainlink and Plaintiff has suffered substantially similar injuries as each member of the Class.

55. Plaintiff has retained counsel experienced and competent in class action litigation.

56. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

57. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Chainlink has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Chainlink's violations of Tex. Fin. Code § 392.101 as alleged herein;
    b. Chainlink's conduct particular to the matters at issue was identical or substantially similar; and
    c. The availability of statutory penalties.

**<u>RESPONDEAT SUPERIOR</u>**

58. The representative(s) and/or collector(s) at Chainlink were employee(s) and/or agents of Chainlink at all times mentioned herein.

59. The representative(s) and/or collector(s) at Chainlink were acting within the course and/or scope of their employment at all times mentioned herein.

60. The representative(s) and/or collector(s) at Chainlink were under the direct supervision and control of Chainlink at all times mentioned herein.

61. The actions of the representative(s) and/or collector(s) at Chainlink are imputed to their employer, Chainlink.

**COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

62. The previous paragraphs are incorporated into this Count as if set forth in full.

63. By acting in the manner described above, Chainlink violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692f(1).

64. Plaintiff suffered actual damages in the form of emotional distress as a proximate result of the actions or inactions of Chainlink.

65. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks actual and statutory damages, reasonable attorney's fees and costs from Chainlink.

**COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE § 392.001, et seq.**

66. The previous paragraphs are incorporated into this Count as if set forth in full.

67. Chainlink violated Tex. Fin. Code § 392.303(a)(2) and Tex. Fin. Code § 392.304(a)(8)&(12)&(13)&(14)&(19) in doing so.

68. Plaintiff suffered actual damages in the form of lost money and emotional distress as a proximate result of the actions or inactions of Chainlink.

69. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from Chainlink.

70. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against Chainlink, enjoining it from future conduct in Texas as described above.

**COUNT III: IMPUTED LIABILITY OF UNITED STATES FIRE INSURANCE COMPANY FOR VIOLATIONS OF TEXAS FINANCE CODE § 392.001, et seq.**

71. The previous paragraphs are incorporated into this Count as if set forth in full.

72. USFICO is liable to Plaintiff for the damages, reasonable attorneys fees, and costs incurred by Plaintiff in pursuing his claims against Chainlink, up to $10,000 (the amount of the bond) pursuant to Tex. Fin. Code § 392.102.

**COUNT IV: INVASION OF PRIVACY (INTRUSION ON SECLUSION)**

73. The previous paragraphs are incorporated into this Count as if set forth in full.

74. Chainlink engaged in extreme and outrageous conduct by falsely stating or implying that Plaintiff had been sued or would be sued and that Plaintiff would face criminal charges if the Account was not immediately repaid.

75. The conduct of Chainlink as described above was intentional and it intruded on Plaintiff's solitude, seclusion, or private affairs in such a way that would be highly offensive to a reasonable person.

76. Plaintiff suffered serious emotional distress as a result of Chainlink's conduct in that he suffered severe emotional distress, anxiety and fear.

**JURY TRIAL DEMAND**

77. Plaintiff is entitled to and hereby demands a trial by jury.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

78. Judgment in favor of Plaintiff and against Chainlink Services LLC as follows:

a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403;

e. Permanently enjoin Chainlink following trial of this cause from committing acts in violation of the statute(s) cited herein pursuant to Tex. Fin. Code § 392.403(a);

f. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996); and

g. Such other and further relief as the Court deems just and proper.

79. Judgment in favor of Plaintiff and against United States Fire Insurance Company as follows:

a. Pursuant to Tex. Fin. Code § 392.102, the total amount of damages and reasonable attorney's fees and costs awarded to Plaintiff against Chainlink under Tex. Fin. Code § 392.403, up to a total of $10,000; and

b. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE WOOD FIRM, PLLC

/s/ Jeffrey D. Wood

Jeffrey D. Wood, Esq.
ArkBN: 2006164
11610 Pleasant Ridge Rd.
Suite 103, PMB 208
Little Rock, AR 72223
TEL: 214-914-8374
FAX: 888-598-9022
EMAIL: jeff@jeffwoodlaw.com
Attorney for Plaintiff